JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SANDRA HUGHES, DAVID HUGHES, JOSEPH HUGHES, JR. and HOLY ROBERTS

**(b)** County of Residence of First Listed Plaintiff   Great Falls, Montana
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jonathan Schochor, Schochor, Staton, Goldberg and Cardea, P.A., 1211 St. Paul Street, Balto., MD 21202

## DEFENDANTS

UNITED STATES OF AMERICA
DEPARTMENT OF VETERANS AFFAIRS

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
Plaintiff
- [x] 2  U.S. Government
Defendant
- [ ] 3  Federal Question
*(U.S. Government Not a Party)*
- [ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [x] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S.C. Section 1332, 28 U.S.C. 1391

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
12/17/2025

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland

| | | |
|---|---|---|
| SANDRA HUGHES, PERSONAL REPRESENTATIVE OF THE ESTATE OF THE LATE JOSEPH HUGHES, SR., et al. | ) ) ) ) | |
| *Plaintiff(s)* | ) ) | |
| v. | ) ) | Civil Action No. |
| UNITED STATES OF AMERICA DEPARTMENT OF VETERANS AFFAIRS | ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  UNITED STATES OF AMERICA
DEPARTMENT OF VETERANS AFFAIRS
Office of General Counsel
Torts Law Group
810 Vermont Avenue, NW
Washington, DC  20420

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Jonathan Schochor, Esquire
Michael S. Rubin, Esquire
Schochor, Staton, Goldberg and Cardea, P.A.
1211 St. Paul Street
Baltimore, Maryland  21202

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

    ❒ I returned the summons unexecuted because _____ ; or

    ❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

                                       _____
                                               *Server's signature*

                                       _____
                                            *Printed name and title*

                                       _____
                                            *Server's address*

Additional information regarding attempted service, etc:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SANDRA HUGHES, PERSONAL     :
REPRESENTATIVE OF THE ESTATE OF
THE LATE JOSEPH HUGHES, SR.     :
5100 4th Avenue N
Great Falls, Montana  59405     :

     and     :

SANDRA HUGHES, INDIVIDUALLY     :
5100 4th Avenue N
Great Falls, Montana  59405     :

     and     :     Case No.

DAVID HUGHES, INDIVIDUALLY     :
5074 Cameo Terrace
Perry Hall, Maryland  21128     :

     and     :

JOSEPH HUGHES, JR., INDIVIDUALLY :
2814 Fallsmount Road
Fallston, Maryland  21047     :

     and     :

HOLLY ROBERTS, INDIVIDUALLY     :
21428 Rio Oro Drive
Cornelius, North Carolina  28031     :

     Plaintiffs     :

     v.     :

UNITED STATES OF AMERICA     :
DEPARTMENT OF VETERANS AFFAIRS
Office of General Counsel     :
Torts Law Group
810 Vermont Avenue, NW     :
Washington, DC  20420
     :
     Defendant
:     :     :     :     :     :     :     :     :     :     :     :

## COMPLAINT

## PARTIES

1.     The Plaintiff, Sandra Hughes, Individually and as Personal Representative of the Estate of the Late Joseph Hughes, Sr., is a citizen of the United States of America and citizen and domiciliary of the State of Montana.  The Plaintiff, Sandra Hughes, Individually and as Personal Representative of the Estate of the Late Joseph Hughes, Sr., is over twenty-one (21) years of age. The Plaintiff maintains this action personally and on behalf of the Estate of her late husband.

2.     The Plaintiffs, David Hughes, Individually and Joseph Hughes, Jr., Individually, are citizens of the United States of America and citizens and domiciliaries of the State of Maryland. The Plaintiffs, David Hughes, Individually and Joseph Hughes, Jr., Individually, are over twenty-one (21) years of age.  The Plaintiffs maintain this action personally.

3.     The Plaintiff, Holly Roberts, Individually, is a citizen of the United States of America and citizen and domiciliary of the State of North Carolina.  The Plaintiff, Holly Roberts, Individually, is over twenty-one (21) years of age.  The Plaintiff maintains this action personally.

4.     The Defendant, The United States of America, owns and operates the Department of Veterans Affairs in Washington, D.C..  This medical facility is the location of the tortuous acts complained of.

5.     At all times referred to herein, the Plaintiffs' Decedent, Joseph Hughes, Sr., suffered injuries and damages and death on August 1, 2023, as the direct and proximate result of negligence on the part of duly authorized agents and/or employees of the Defendant, The United States of America, acting within the scope of their authority.

## JURISDICTION AND VENUE

6.      The jurisdiction and venue of this Honorable Court are based upon § 28 U.S.C. § 1346(b) and § 2671 et. Seq., including the Federal Tort Claims Act.  It is asserted that all of the tortuous acts and omissions complained of herein occurred at the Department of Veterans Affairs in Washington, D.C., by duly authorized agents and/or employee health care providers.  The Defendant in this action is the federal government of the United States of America, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7.      This Honorable Court has jurisdiction over the subject matter as the Defendant is the federal government of the United States of America, and the Plaintiffs have submitted their claim to the appropriate federal agency.  The claim was submitted on February 5, 2025 to the Office of the Judge Advocate General Tort Claims Unit Norfolk (copies attached).  The claim was received by the Office of the Judge Advocate General Tort Claims Unit Norfolk on February 11, 2025 (copy attached).

## COUNT I

COMES NOW the Plaintiff, SANDRA HUGHES, Personal Representative of the Estate of the Late JOSEPH HUGHES, Sr., by her attorneys, Jonathan Schochor, Michael S. Rubin and Schochor, Staton, Goldberg and Cardea, P.A. and sues The United States of America, Defendant:

8.      The Plaintiff alleges that the Defendant United States of American Department of Veterans Affairs, through its agents, servants and employees, owed to the Plaintiffs' Decedent a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiffs'

3

Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Plaintiffs' Decedent, continuous evaluation of the Plaintiffs' Decedent's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant failed to do.

9.     The Defendant United States of American Department of Veterans' Affairs, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiffs' Decedent's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiffs' Decedent's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiffs' Decedent's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiffs' Decedent's condition, failed to diagnose the Plaintiffs' Decedent's condition and was otherwise negligent.

10.     As a direct and proximate result of the negligence of the Defendant, the Plaintiffs' Decedent suffered unending physical pain, emotional anguish as well as a premature and untimely death as is more fully described, hereinbelow.

11.     On March 20, 2022, the Plaintiffs' Decedent, Jospeh Hughes, Sr., presented to a local hospital emergency department with Complaints of intermittent chest pain for the previous three to four days, combined with heavy pressure. Upon examination and evaluation, he was found to have an abnormal EKG and was therefore placed on Heparin for an NSTEMI and admitted to the hospital. The following day, he underwent a cardiac catheterization which demonstrated 99% stenosis in the proximal to mid-circumflex artery and an 80% stenosis in his right coronary artery

proximally. Stents were placed in the proximal right coronary and proximal to mid-circumflex coronary arteries. Due to the small caliber of vessels, his cardiologist was unable to stent a 99% stenosis of a small to medium size marginal branch at the take-off from the mother circumflex artery. Therefore, the cardiologist left it alone and recommended aggressive risk factor modification and dual antiplatelet therapy for one year.

12. On June 12, 2023, the Plaintiffs' Decedent presented to the Defendant Veterans Administration Medical Center in Perry Hall, Maryland for a cardiac evaluation. At that time, the Plaintiffs' Decedent advised the Defendant's cardiologist that he had symptoms of indigestion for the past month which felt different from his acid reflux. The cardiologist noted that the discomfort could be secondary to reflux but could also be secondary to myocardial ischemia. As a result, the cardiologist recommended a pharmacologic stress test and advised the Plaintiffs' Decedent to begin walking more and to follow up in six months.

13. The Plaintiff alleges that the Defendant's cardiologist breached the applicable standards of care in his management of the Plaintiffs' Decedent. Specifically, the Plaintiff alleges that the Defendant's cardiologist failed to schedule a stress test in a timely manner. The Defendant's cardiologist scheduled that procedure to occur in six weeks when the standards of care mandated that the stress test be conduced no later than one to two weeks following the examination. Additionally, the Plaintiff alleges that the Defendant's cardiologist fell below accepted standards of care when he failed to place the Plaintiffs' Decedent on nitroglycerin which would have been diagnostic (to differentiate between gastrointestinal versus cardiac complaints) as well as therapeutic in the event that the Decedent's complaints were cardiac in origin. Finally, the Plaintiff alleges that the Defendant's cardiologist negligently failed to restart the Plaintiffs'

Decedent on Plavix and negligently advised the Plaintiffs' Decedent to increase his walking instead of abstaining from physical activity until the results of the stress test could be obtained.

14.    On July 26, 2023, the Plaintiffs' Decedent returned to the Defendant Veterans Administration Medical Center where he underwent a nuclear stress test.  The following day, the study was reviewed by the Defendant's cardiologist who noted stress induced ischemia involving the inferolateral and inferoapical walls of the heart.  The Defendant's cardiologist notified the Plaintiffs' Decedent by way of a telephone message that the stress test findings could be explained by significant coronary artery disease involving the marginal branch of the left circumflex artery. The Defendant's cardiologist noted that the Plaintiffs' Decedent was unable to undergo any catheter-based intervention due to the small caliber vessels in that artery and, as a result, recommended medical management.

15.    The Plaintiff alleges that the Defendant's cardiologist again breached the applicable standards of care in his negligent interpretation of the stress test and advice to the Decedent. Specifically, the Defendant's cardiologist knew or, by the exercise of due care, should have known that the circumflex artery feeds the lateral wall of the heart and not the inferolateral and inferoapical walls.  Those areas of the heart are fed by the right coronary artery (which had been previously stented).  As such, the Defendant's cardiologist should have immediately understood that the Decedent's stent had become occluded, was causing cardiac ischemia and required intervention to remove the clot and accomplish revascularization of that vessel to restore adequate blood flow to the Plaintiffs' Decedent's heart.  However, in violation of the standards of care, the Defendant's cardiologist advised that the wrong vessel was responsible for the Plaintiffs' Decedent's complaints, that there was no meaningful intervention that could occur and that the Defendant's cardiologist merely advised continuing medical management.

16.    On August 1, 2023, the Plaintiffs' Decedent was found unresponsive and pronounced dead at his home.  His cause of death is listed as coronary artery disease.

17.    The Plaintiff alleges that the Defendant's cardiologist fell below accepted standards of care on multiple occasions.  He negligently failed to schedule a nuclear stress test in a timely manner.  He negligently failed to prescribe and administer nitroglycerin to the Plaintiffs' Decedent and he negligently failed to restart the Decedent on antiplatelet medication.  He negligently failed to properly interpret the results of the nuclear stress test and negligently advised the Plaintiffs' Decedent that his cardiac symptoms were the result of significant coronary artery disease involving the untreatable left circumflex artery.  As a result, the Plaintiffs' Decedent was denied proper intervention, did not receive the benefit of revascularization of his right coronary artery by removal of the stent occlusion and suffered a fatal cardiac event.

18.    The Plaintiff alleges that had the Defendant's cardiologist complied with the standards of care, the Plaintiffs' Decedent would have received the appropriate medication in a timely manner, would have undergone a nuclear stress test in a timely manner, would have received a proper interpretation of the stress test results and appropriate advice regarding the re-occlusion of his right coronary artery stent followed by timely surgical intervention to remove the clot, revascularize the artery and restore proper blood flow to the heart.  However, due to the negligence of the Defendant's cardiologist, none of these events occurred and the Plaintiffs' Decedent suffered an untimely, premature and painful death.

19.    It is alleged that the Plaintiffs' Decedent suffered severe physical pain, emotional anguish, fear, anxiety over his condition prior to his tragic and untimely demise.  Further, it is alleged that the Plaintiffs' Decedent's estate has incurred hospital, surgical, physiotherapeutic, pharmacological, funeral, burial, and other losses and expenses for which claim is made.

20.     The Plaintiff refers to the negligence of the Defendant as the sole and proximate cause of all of the injuries, damages and permanent disability from which the Plaintiffs' Decedent suffered -- with the Plaintiffs' Decedent being in no way contributorily negligent.

21.     The negligence complained of occurred in Baltimore City and Baltimore County. Venue is claimed in United States District Court for the District of Maryland.  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

_____
Jonathan Schochor #7406010179

_____
Michael S. Rubin  #1012160081
Schochor, Staton, Goldberg and Cardea, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland  21202
(410) 234-1000 – office/(410) 234-1010 - fax
jschochor@sfspa.com
mrubin@sfspa.com
Attorneys for the Plaintiffs

## COUNT II

COMES NOW the Plaintiff, SANDRA HUGHES, Individually, by her attorneys, Jonathan Schochor, Michael S. Rubin, and Schochor, Staton, Goldberg and Cardea, P.A. and sues The United States of America, Defendant:

22.     The Plaintiff incorporates in this Count those facts set forth in Count I hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

8

23.      The Plaintiff alleges that she is the surviving wife of the Plaintiffs' Decedent, Joseph Hughes, Sr.  As a result of the negligence of the Defendant the Plaintiff asserts that the marriage and marital relationship, she enjoyed with the Plaintiffs' Decedent was destroyed.

24.      The Plaintiff alleges that she has lost the love, support, guidance, advice and comfort furnished by her beloved husband as the result of the negligence of the Defendant's personnel.  The death of her husband represents a tragedy from which she will never recover.

25.      The negligence complained of occurred in Baltimore City and Baltimore County. Pursuant to the Federal Tort Claim Act, 28 USC §1346(b) and §2671 *et seq*, venue is claimed in the United Stated District Court of Maryland.  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

_____
Jonathan Schochor #7406010179

_____
Michael S. Rubin #1012160081
Schochor, Staton, Goldberg and Cardea, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland  21202
(410) 234-1000 – office/(410) 234-1010 - fax
jschochor@sfspa.com
mrubin@sfspa.com
Attorneys for the Plaintiffs

9

## COUNT III

COMES NOW the Plaintiff, David Hughes, by his attorneys, Jonathan Schochor, Michael S. Rubin, and Schochor, Staton, Goldberg and Cardea, P.A. and sues The United States of America, Defendant:

26.    The Plaintiff alleges that he is the surviving son of the Plaintiffs' Decedent, Joseph Hughes, Sr.  As a result of the negligence of the Defendant, the Plaintiff asserts that the relationship he enjoyed with the Plaintiffs' Decedent was destroyed.

27.    The Plaintiff alleges that he has lost the love, support, guidance, advice and comfort furnished by his beloved father as the result of the negligence of the Defendant.  The death of his father represents a tragedy from which he will never recover.

28.    The negligence complained of occurred in Baltimore City and Baltimore County. Pursuant to the Federal Tort Claim Act, 28 USC §1346(b) and §2671 *et seq*, venue is claimed in the United Stated District Court of Maryland.  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

_____
Jonathan Schochor #7406010179

_____
Michael S. Rubin #1012160081
Schochor, Staton, Goldberg and Cardea, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland  21202
(410) 234-1000 – office/(410) 234-1010 - fax
jschochor@sfspa.com
mrubin@sfspa.com
Attorneys for the Plaintiffs

## COUNT IV

COMES NOW the Plaintiff, Joseph Hughes, Jr. by his attorneys, Jonathan Schochor, Michael S. Rubin, and Schochor, Staton, Goldberg and Cardea, P.A. and sues The United States of America, Defendant:

29.     The Plaintiff alleges that he is the surviving son of the Plaintiffs' Decedent, Joseph Hughes, Sr.  As a result of the negligence of the Defendant, the Plaintiff asserts that the relationship he enjoyed with the Plaintiffs' Decedent was destroyed.

30.     The Plaintiff alleges that he has lost the love, support, guidance, advice and comfort furnished by his beloved father as the result of the negligence of the Defendant.  The death of his father represents a tragedy from which he will never recover.

31.     The negligence complained of occurred in Baltimore City and Baltimore County. Pursuant to the Federal Tort Claim Act, 28 USC §1346(b) and §2671 *et seq*, venue is claimed in the United Stated District Court of Maryland.  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).


_____
Jonathan Schochor #7406010179


_____
Michael S. Rubin  #1012160081
Schochor, Staton, Goldberg and Cardea, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland  21202
(410) 234-1000 – office/(410) 234-1010 - fax
jschochor@sfspa.com
mrubin@sfspa.com
Attorneys for the Plaintiffs

11

## COUNT V

COMES NOW the Plaintiff, Holly Roberts, by her attorneys, Jonathan Schochor, Michael S. Rubin, and Schochor, Staton, Goldberg and Cardea, P.A. and sues The United States of America, Defendant:

32.     The Plaintiff alleges that she is the surviving daughter of the Plaintiffs' Decedent, Joseph Hughes, Sr.  As a result of the negligence of the Defendant, the Plaintiff asserts that the relationship she enjoyed with the Plaintiffs' Decedent was destroyed.

33.     The Plaintiff alleges that she has lost the love, support, guidance, advice and comfort furnished by her beloved father as the result of the negligence of the Defendant.  The death of her father represents a tragedy from which she will never recover.

34.     The negligence complained of occurred in Baltimore City and Baltimore County. Pursuant to the Federal Tort Claim Act, 28 USC §1346(b) and §2671 *et seq*, venue is claimed in the United Stated District Court of Maryland.  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

_____
Jonathan Schochor #7406010179

_____
Michael S. Rubin #1012160081
Schochor, Staton, Goldberg and Cardea, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland  21202
(410) 234-1000 – office/(410) 234-1010 - fax
jschochor@sfspa.com
mrubin@sfspa.com
Attorneys for the Plaintiffs

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

SANDRA HUGHES, Personal Represent-      :
ative of the Estate of the Late JOSEPH
HUGHES, SR., et al.                     :

    Plaintiffs              :

  v.                                   :  Case No.

UNITED STATES OF AMERICA                :
DEPARTMENT OF VETERANS AFFAIRS
           :
    Defendant               :

           :

: : : : : : : : : : : : : :

**<u>ELECTION FOR JURY TRIAL</u>**

The Plaintiffs in this case elect to try this case before a Jury.


_____
Jonathan Schochor #7406010179


_____
Michael S. Rubin #1012160081
Schochor, Staton, Goldberg and Cardea, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland  21202
(410) 234-1000 - office
(410) 234-1010 - fax
jschochor@sfspa.com
mrubin@sfspa.com
Attorneys for the Plaintiffs

SANDRA HUGHES, AS PERSONAL    :    BEFORE THE
REPRESENTATIVE OF THE ESTATE OF
THE LATE JOSEPH HUGHES, SR.      :    HEALTH CARE
5100 4th Avenue N
Great Falls, Montana 59405         :    ALTERNATIVE DISPUTE

             Claimants     :    RESOLUTION OFFICE

    v.                    :    HCA No.

UNITED STATES OF AMERICA    :
DEPARTMENT OF VETERANS AFFAIRS
Office of General Counsel        :
Torts Law Group
810 Vermont Avenue, NW       :
Washington, DC 20420
                       :
            Defendant
                       :

:   :   :   :   :   :   :   :   :   :   :   :   :   :

## ELECTION FOR WAIVER OF ARBITRATION

       COME NOW the Claimants, by their attorneys, Jonathan Schochor, Gloria A. Worch and

Schochor, Staton, Goldberg and Cardea, P.A., and file this Election for Waiver of Arbitration

pursuant to the Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 3-

2A-06B. For reasons in support thereof, the Claimants respectfully represent:

       1.     The Claimants have elected to waive arbitration in the above-captioned case to save

time and expense associated herewith.

       2.     That after filing, this election shall be binding on all parties.

                                            _____
                                    Jonathan Schochor #7406010179



_Gloria a Worch_

Gloria A. Worch  #9312160301
Schochor, Staton, Goldberg and Cardea, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000 - office
(410) 234-1010 - fax
jschochor@sfspa.com
Attorneys for the Claimants

13

SANDRA HUGHES, ET AL.                :           BEFORE THE

   Claimants                         :           HEALTH CARE

v.                                   :           ALTERNATIVE DISPUTE

UNITED STATES OF AMERICA             :           RESOLUTION OFFICE

   Defendant                         :           OF MARYLAND

                                :           Case No.

## CLAIMANTS' CERTIFICATE OF QUALIFIED EXPERT

I HEREBY CERTIFY and acknowledge that I have reviewed the hospital records, medical records, and other documentation pertaining to the facts and circumstances in the above-captioned case.

I hereby certify and acknowledge that there have been violations of the standards of care by duly authorized agents, servants and/or employees of the United States of America, including but not limited to Debajit Roy, M.D., which have directly and proximately resulted in injuries and damages to the Claimants and injuries, damages and death to the Claimant's Decedent.

I certify that I am a board-certified expert in cardiology. I further certify that I have clinical experience, provided consultation relating to clinical practice and/or taught medicine in the Defendant's specialty or a related field of healthcare, or in the field of health care in which the Defendant provided care or treatment to the Claimant's Decedent, Joseph Hughes, Sr., within five (5) years of the date of the alleged act or omission giving rise to the cause of action.

I acknowledge that less than 25% of my professional activities during the twelve (12) months immediately before the filing of this claim have been devoted to activities which directly involve testimony in personal injury claims. My report in the above-referenced case is attached hereto.

_____
Joel Kahn, M.D.

THIS DOCUMENT CONTAINS CONFIDENTIAL/RESTRICTED INFORMATION

Jonathan Schochor, Esquire
Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202

               Re:     Joseph Hughes, Sr., Deceased

Dear Mr. Schochor:

       This is to acknowledge that after a review of the medical records, diagnostic studies and other materials involved in the above-referenced case, I have concluded that there have been violations of the standards of care by duly authorized agents, servants and/or employees of the United States of America, including but not limited to Debajit Roy, M.D., which have directly and proximately resulted in injuries and damages to the Claimants and injuries, damages and death to the Claimant's Decedent.

       It is my opinion that the Debajit Roy, M.D., acting as a duly authorized agent, servant and/or employee of the Defendant United States of America was negligent on June 12, 2023, when he failed to order nitroglycerine to determine if Mr. Hughes chest pain was cardiac in nature. In addition, he failed to obtain a cardiac stress test within 2 weeks of that date and instead allowed the test to occur 6 weeks later in violation of the standards of care. Furthermore, when the stress test was performed on July 26, 2023, Dr. Roy negligently interpreted it as demonstrating stress induced ischemia from his circumflex artery which could not be stented rather than an occlusion of the pre-existing stent in Mr. Hughes right coronary artery. Had Dr. Roy complied with the standards of care, Mr. Hughes would have been taken for an immediate cardiac catheterization and interventional procedure as decided by the treating cardiologist which would have resolved his symptoms and he would be alive and well today. It is my opinion that had this Defendant through its duly authorized agents, servants and/or employees complied with the standards of care, all of the injuries, damages and death sustained by the Claimant's Decedent, Joseph Hughes, Sr., would have been avoided. Additionally, I incorporate the Complaint filed in this case by reference.

       I certify that I am a board-certified expert in cardiology. I further certify that I have clinical experience, provide consultation relating to clinical practice and/or taught medicine in the Defendants specialty or a related field of healthcare, or in the field of health care in which the Defendant's provided care or treatment to the Claimants' Decedent, within five (5) years of the date of the alleged act or omission giving rise to the cause of action.

       Accordingly, I have concluded that the case filed before the Health Care Alternative Dispute Resolution Office of Maryland is meritorious. I also acknowledge that less than twenty-five percent of my annual professional time involves testimony in personal injury claims.

       This report represents a broad summary of my opinions for purposes of certifying the merit of this matter. I specifically reserve the right to modify, amend and/or supplement my opinions as further information about this case is made available to me through the discovery process.

               Very truly yours,

               Joel Kahn, M.D.

10/7/25

UPON COMPLETION OF YOUR CASE IN THE CIRCUIT COURT OR U.S. DISTRICT COURT
PLEASE NOTIFY THIS OFFICE OF THE OUTCOME OF THE NAMED PHYSICIANS, NURSE, ETC.
SO THAT WE MAY KEEP UPDATED RECORDS FOR THE GENERAL PUBLIC

| | | |
|---|---|---|
| SANDRA HUGHES, Individually and as Personal Representative of the Estate of the Late JOSEPH HUGHES, SR., et al. | * * * * | BEFORE THE<br><br>HEALTH CARE |
| Claimants | * * | ALTERNATIVE DISPUTE |
| v. | * * * | RESOLUTION OFFICE |
| UNITED STATES OF AMERICA DEPT. OF VETERANS AFFAIRS | * * * | |
| Health Care Provider | * * | HCA No.: 2025-479 |

**ORDER OF TRANSFER**

The Claimants, by and through counsel, having elected a Waiver of Arbitration under the

provisions of Annotated Code of Maryland, Courts and Judicial Proceedings, Article, § 3-2A-06B, it

is this _____ day of _____, 2025, by the Health Care Alternative Dispute

Resolution Office,

ORDERED, that this case shall be and is hereby, transferred to the United States

District Court, or to the Circuit Court of the appropriate venue.

HARRY L. CHASE, DIRECTOR
Health Care Alternative Dispute Resolution Office

CERTIFICATE OF SERVICE
I HEREBY CERTIFY that copies of the above ORDER OF TRANSFER have been mailed,

postage prepaid, to all counsel.

HARRY L. CHASE, DIRECTOR